By the CoukT:
The judgment of reversal by the circuit court was right for several reasons.
1. The case made upon trial of the motion to vacate showed that the judge was incapacitated to hear the motion. He had been of counsel for Ralston in the matter involved. True, he entered the judgment sought to be vacated, acting on the belief that it was by consent. But his power as trial judge to correct the journal ended with the term, and the *301 judgment then remaining was valid until set aside, in a proper proceeding, by a court competent to try the question whether the judgment had been entered by consent or not, and any further questions which might arise.
2. If the statement of the counsel for Wells to the court, which induced the judgment, was untrue, it was not a mere “irregularity,” not “the want of adherence to some prescribed rule or mode of proceeding,” but was a fraud upon the court as well as upon justice, a “fraud practiced by the successful party in obtaining judgment.” Hence, the proper proceeding to procure a vacation of the judgment so obtained was not by motion under section 5357, Revised Statutes, but was by petition, verified by affidavit, under section 5358. To a charge of fraud thus made the 'opposite party could have an opportunity to raise an issue by answer, and have that issue tried in a manner which would give a fit and convenient time to cross-examine witnesses, and for a full trial. This could not be accorded on the hearing of a motion supported by affidavits only.
3. In any event, if defendant showed ground to vacate, the court should have adjudicated no further than to determine that question, for there still remained to be heard and passed upon the further question whether the right judgment had not, after all, been rendered. And, until that should be determined adversely to the plaintiff, the judgment would stand. Sections 5359 and 5360, Revised Statutes, and Braden v. Hoffman, 46 Ohio St., 639.

Judgment affirmed.